Common Pleas Court of Licking County.

EDWIN C. WRIGHT V. STATE OF OHIO.

Decided August 6, 1931.

*Fitzgibbon, Black & Fitzgibbon,* for the exceptor.
*C. S. Dargusch,* for the tax commission.

MOORE, J.

This case is before the Court on appeal from the order and finding of the Probate Court in the matter of the inheritance tax against the estate of James A. Huston.

On July 15, 1929, Mr. Huston executed a trust agreement with the Peoples Savings and Trust Company of Pittsburgh, Pennsylvania, by the terms of which he placed eighty thousand dollars in cash in trust with said Trust Company for certain uses and purposes. This trust agreement which is in evidence in this case provides that the sum of eighty thousand dollars shall be held by the Trust Company, with certain limitations upon the manner in which it may be invested, and it shall be permitted to accumulate for a period of five years, or until the death of said James A. Huston, whichever event first occurs. At his death, or at the expiration of the five year period, the income shall be used for the maintenance and support of his son, James A. Huston, Jr., who is incapacitated, during the term of his natural life. It further provides that at the death of said son the principal held in trust shall be divided between his two daughters, Nanette

Huston Bartlett and Hayesel Huston Eaton, and if either of the daughters should be dead, to their lawful issue.

On July 19th, 1929, Mr. Huston made and executed his last will and testament and in item five of said will, executed four days after the execution of the trust of the eighty thousand dollars, the testator refers to this trust and says that he has established it as an irrevocable trust, and by his will reaffirms the purposes and objects of said trust.

The will and the trust of eighty thousand dollars disposes of Mr. Huston's entire estate.

Section 5332-2 of the General Code provides that "any transfer of property from a resident or of property within this state from a non-resident, if shown to have been made without a valuable consideration subsequently equivalent in money or money's worth to the full value of such property, if so made within two years prior to the death of the transferor, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title."

Mr. Huston died on May 9, 1931. Thus it is conceded that he died within the two years. This statute casts upon the exceptor to the levying of the tax the burden of showing that the trust was not executed in contemplation of death.

Paragraph 5 of Section 5331, defines "Contemplation of death", which "means that expectation of death which actuates the mind of a person on the execution of his will."

The Court has examined the case cited in the 117 Ohio State, Tax Commission against Parker, and on page 221 this expression is used: "The primary purpose of a person executing a will is to distribute his property; and it is the exception rather than the rule that the minds of men are actuated to make a will because of a sense of impending death. In general, men make wills at a time when they assume additional moral obligations or additional moral obligations are cast upon them, and the mind is actuated to make provision by way of distribution of property after death because of those obligations."

Mr. Huston at the time of the execution of this trust

and at the time of the execution of his will was in fairly good health, sufficient to transact his business. The evidence shows that he had some illness due to a heart condition and due to this condition he had moved from his residence on the hill and had remodeled a place in Granville to avoid going up the stairs, and under these conditions the significant thing is that he by his trust agreement and his will (and he referred to the trust agreement in his will) made provision for the distribution of his entire estate.

The Court is forced to the conclusion that he had in mind, in the execution of this trust agreement, the same expectation as he had in the execution of the will, which occurred four days later, and that he executed the two instruments in reference to each other and with the same intention in both. In other words, the presumption of the statute, the Court thinks, is not overcome by the evidence submitted in this case.

The judgment of the Probate Court may, therefore, be affirmed. The case is remanded to the Probate Court for execution and exceptions noted.